UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

POUV NUTH,

               Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

               Defendant.

CASE NO. C09-5134FDB

REPORT AND RECOMMENDATION

Noted for March 26, 2010

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed. After considering the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

## **INTRODUCTION AND PROCEDURAL HISTORY**

The undersigned finds the ALJ failed to address significant, probative evidence in his evaluation of the medical opinions evidence. Although plaintiff argues for reversal with a

REPORT AND RECOMMENDATION - 1

direction to award benefits immediately, because the medical evidence remains in dispute, the matter should be remanded for further consideration by the administration.

In 1986, plaintiff immigrated with her family to the United States from Cambodia, where she had been exposed to atrocities of war and had been placed in a work camp for an unspecified period of time. Tr. 213, 322. Plaintiff does not read or speak English. Tr. 331. Plaintiff has no relevant work history. Tr. 323.

Plaintiff filed an application for Supplemental Security Income (SSI) disability benefits on January 29, 2004, alleging disability since January 1, 2001. Tr. 108-11. Her application was denied initially, and on November 8, 2004, plaintiff filed another application for SSI benefits again alleging that she was disabled since January 1, 2001. Tr. 92-95. In her applications plaintiff alleged that she is unable to work due to depression, post traumatic stress disorder ("PTSD"), and asthma. Tr. 115.

After being denied initially, plaintiff filed a hearing request and a hearing was held before an administrative law judge ("ALJ") on March 27, 2008. Tr. 511-21. On April 12, 2008, the ALJ issued a decision in which he found that plaintiff was not disabled or entitled to any SSI benefits. Tr. 24-33.

Specifically, the ALJ determined that plaintiff had severe impairments of an affective disorder and PTSD. Tr. 26. The ALJ also found that plaintiff's asthma, gastrointestinal problems, headaches, vertigo, and lateral epicondylitis of the right elbow were not severe impairments. Tr. 26-27. However, after considering the record, the ALJ concluded that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels subject to nonexertional limitations, including "minimal English language skills, an inability to read English, occasional contact with the public, and simple repetitive tasks." Tr. 28. Relying

on testimony from a vocational expert, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy such as a hospital cleaner, a bus person, and a recycler. Tr. 32-33.

Plaintiff requested review of the ALJ's decision, which the administration's Appeals Council denied on January 9, 2009. Tr. 5-8. The Appeal Council's denial of review made the ALJ's decision the final administrative decision.

Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff filed her complaint with the court on March 12, 2009. Plaintiff argues the ALJ made the following errors: (i) the ALJ failed to properly consider all of plaintiff's functional limitations, including asthma, gastrointestinal problems, headaches, vertigo, and lateral epicondylitis; (ii) the ALJ failed to properly evaluate the medical evidence; (iii) the ALJ failed to properly evaluate plaintiff's testimony regarding her symptoms and limitations; (iv) the ALJ improperly determined plaintiff's residual functional capacity; (v) the ALJ failed to find plaintiff disabled pursuant to Medical-Vocational Rules 201.09 and 202.09; and (vi) the ALJ failed to meet his burden of showing that plaintiff can perform other work in the national economy. Plaintiff's Opening Brief, Doc. 15.

After reviewing the matter, the undersigned finds the ALJ properly limited his review to the November 8, 2004 application for SSI benefits, but the matter should be remanded for further consideration due to the ALJ's failure to properly consider all of the medical opinion evidence.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.

2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## DISCUSSION

1. ***The ALJ Failed To Properly Consider The Medical Opinion Evidence***

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).

REPORT AND RECOMMENDATION - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

After reviewing the record, the undersigned finds the ALJ did not give specific and legitimate reasons for rejecting medical opinion evidence. Defendant agrees the ALJ did not provide reasons to reject the opinion evidence. Defendant's Response (Doc. 22) at 9. Defendant argues, however, that the court could conclude the ALJ properly took all of the medical opinion into consideration when he assessed plaintiff's residual functional capacity, *citing* Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-75 (9th Cir. 2008). The undersigned disagrees.

In Danielson, *supra*, the ALJ clearly addressed the medical opinions in his analysis of the case and presentation of a hypothetical to the vocational expert. *See* Danielson, 539 F.3d at

REPORT AND RECOMMENDATION - 5

1173-74, (the ALJ interpreted the physician's opinions differently than argued by the claimant). Here, the ALJ did not address or interpret the medical opinions. For instance Dr. Essink performed a psychiatric evaluation of plaintiff on May 5, 2004. Tr. 212-217. Dr. Essink stated that plaintiff's ability to focus and concentrate would likely be average to below average and that she would have a below average ability to tolerate stress, including work related stress. Tr. 216-17. The ALJ briefly noted Dr. Essink's evaluation in his decision, Tr. 26, 27, but did not discuss the specific limitations found by Dr. Essink.

Similarly, the ALJ did not properly address the opinion of Dr. Hang. Dr. Hang performed a psychological evaluation of plaintiff on May 31, 2005. Tr. 345-47. Dr. Hang noted plaintiff's attention and concentration were limited. Tr. 347. Dr. Hang further noted plaintiff's disturbed sleeping and diagnosed major depressive disorder. *Id*. The ALJ noted Dr. Hang's evaluation, Tr. 26, 27, 30-31(although he inadvertently refers to her as "Dr. Hand" in his opinion). The ALJ misinterprets the opinion, finding no indicators of deficits in concentration or attention. Tr. 31. Dr. Hang clearly found significant impairments related to both, and the ALJ erred when he did not accurately discuss this opinion.

In sum, the ALJ erred when he considered the medical opinion evidence, specifically the opinions of Dr. Essink and Dr. Hang, which provide significant and probative evidence regarding plaintiff's mental impairments. The ALJ "need not discuss all evidence presented" to him. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.

Remand is necessary to provide the administration the opportunity to reconsider all of the medical opinion evidence. Plaintiff argues that the court should consider reversing the

REPORT AND RECOMMENDATION - 6

administrative decision and remanding the matter only calculation of an award of benefits. Because the medical opinion evidence remains in dispute, the undersigned finds remand for further consideration is the appropriate remedy in this matter.

### 2. *The ALJ Did Not Reopen Plaintiff's Earlier Disability Claim*

Plaintiff argues that because the ALJ did not rule on whether or not plaintiff's earlier decision should be re-opened and the ALJ addressed all of the evidence that was submitted as part of the earlier application, the earlier matter was "de facto" reopened for review. This issue is apparently being raised because it could be relevant to the term during which plaintiff would be entitled to benefits. Because this court recommends that this matter be remanded for further consideration, this court also recommends that the order of remand state clearly that the award, if any, be based on the most recent disability claim and that the earlier disability claim was not de facto reopened for review.

Plaintiff cites two cases to support this argument, Brown v. Sullivan, 932 F.3d 1243 (8th Cir. 1991) and Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001). The undersigned finds the facts in this case distinguishable. The ALJ did not reopen plaintiff's earlier application for benefits.

If a decision is not appealed to the appeals council it becomes the final decision of the Commissioner. 20 C.F.R. § 404.905 (2006); 20 C.F.R. § 404.987(a) (2006). Res judicata is appropriately applied where a claimant advances the same claim, based on the same facts and issues, in a subsequent proceeding as was advanced and decided in a prior proceeding where that prior decision has become final. 20 C.F.R. § 404.957(c)(1) (2006); Brown v. Sullivan, 932 F.2d 1243, 1247 (8th Cir.1991). Applications that advance the same onset date and same impairments are identical, for the purpose of res judicata, identical. Id. at 1246-47.

Here, plaintiff's January 29, 2004 application was denied after initial review, without a hearing. Plaintiff did not pursue any kind of administrative review of the denial, choosing to simply file a later application to restart the review process. In her subsequent application, filed November 8, 2004, plaintiff alleged the same onset date and disability as she advanced in her first claim.

The ALJ's decision was properly limited to plaintiff's November 8, 2004 application for SSI benefits. The ALJ did not make any specific finding or discuss the pre-November 8, 2004 period--the period covered in plaintiff's earlier application for SSI benefits. The court finds the period prior to November 8, 2004 for purposes of SSI benefits is barred by the doctrine of res judicata.

Courts generally do not have jurisdiction over the Commissioner's decision not to reopen a claim. Califano v. Sanders, 430 U.S. 99, 107-08 (1977). This is because a decision not to reopen is not a final decision within the meaning of the Social Security Act. 42 U.S.C. § 405(g) (2006); Califano v. Sanders, 430 U.S. at 107-09.

However, while res judicata may ordinarily bar a plaintiff from asserting the same claim in a subsequent proceeding as was already advanced in a prior proceeding, the Social Security Administration may, on its own initiative or on the suggestion of the plaintiff, choose to reopen a prior determination. 20 C.F.R. § 404.987(b). A determination or decision made during the administrative review process may be reopened by the SSA for any reason within twelve months of the decision, and for good cause within four years. 20 C.F.R. § 404.988(a)-(b). A prior claim may be reopened by the SSA even if a plaintiff fails to appeal the decision. 20 C.F.R. § 404.987(b). The SSA will find "good cause" to reopen if new and material evidence is furnished. 20 C.F.R. § 404.989. "Res judicata does not apply when an ALJ later considers 'on

REPORT AND RECOMMENDATION - 8

the merits' whether the claimant was disabled during an already-adjudicated period." Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001) *quoting* Lester v. Chater, 81 F.3d 821, 827 n. 3 (9th Cir.1995).

Plaintiff argues the ALJ "de facto" reopened the earlier application. Plaintiff filed her second application for benefits within the months of the notice of the initial denial of her first application. However, unlike Brown, *supra*, (where the ALJ treated and addressed claimant's filing of a subsequent claim as a request to reopen an earlier application), the ALJ in this case did not treat plaintiff's second application as an implied request to reopen her prior application. The ALJ specifically limited his review to the second application only. The ALJ specifically found plaintiff has not been under a disability since November 8, 2004 -- the date the second application was filed. Tr. 33. The ALJ clearly limited his review to the twelve- month period prior to the November 8, 2004 application and he did not consider whether or not plaintiff was disabled prior to the date of her second application. While the onset dates were the same for both applications, the application was only for SSI benefits, unlike the case in Lewis v. Apfel, *supra*, which involved both applications for SSI benefits and disability benefits. This is a significant difference because a review for SSI benefits limits the ALJ's review to the twelve months prior to the application, not the period prior to a date last insured, which may require review of evidence back to an alleged onset date. Here, the ALJ clearly did not consider the merits of the earlier application for SSI benefits. The ALJ limited his findings to the most recent application for SSI benefits.

## **CONCLUSION**

Based on the foregoing, the Court should remand the matter to the administration for further consideration. On remand, the administration should reconsider the medical opinion

evidence, and consequently, plaintiff's credibility and residual functional capacity should be reevaluated in light of all of the medical evidence properly reviewed. The administration should also consider whether or not plaintiff is disabled pursuant to Medical Vocational Rules 201.09 and/or 202.09. If appropriate, a new hearing should be conducted and the ALJ should present an accurate hypothetical to a vocational expert to assist in evaluating whether or not plaintiff is capable of performing any work within the national economy.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 26, 2010**, as noted in the caption.

DATED this 3rd day of March, 2010.

J. Richard Creatura
United States Magistrate Judge